# Exhibit A

Memorandum of Points and Authorities in Support of
Defendants' Motion to Dismiss

*Musgrave v. Warner, et al.*, Civil Action No. 1:21-cv-02198-BAH

SELECT COMMITTEE ON INTELLIGENCE  **81**

*Resolved,* That it is the purpose of this resolution to establish a new select committee of the Senate, to be known as the Select Committee on Intelligence, to oversee and make continuing studies of the intelligence activities and programs of the United States Government, and to submit to the Senate appropriate proposals for legislation and report to the Senate concerning such intelligence activities and programs. In carrying out this purpose, the Select Committee on Intelligence shall make every effort to assure that the appropriate departments and agencies of the United States provide informed and timely intelligence necessary for the executive and legislative branches to make sound decisions affecting the security and vital interests of the Nation. It is further the purpose of this resolution to provide vigilant legislative oversight over the intelligence activities of the United States to assure that such activities are in conformity with the Constitution and laws of the United States.

SEC. 2. (a)(1) There is hereby established a select committee to be known as the Select Committee on Intelligence (hereinafter in this resolution referred to as the "select committee"). The select committee shall be composed of not to exceed fifteen Members appointed as follows:

(A) two members from the Committee on Appropriations;

(B) two members from the Committee on Armed Services;

(C) two members from the Committee on Foreign Relations;

(D) two members from the Committee on the Judiciary; and

(E) not to exceed seven members to be appointed from the Senate at large.

(2) Members appointed from each committee named in clauses (A) through (D) of paragraph (1) shall be evenly divided between the two major political parties and shall be appointed by the President pro tempore of the Senate upon the recommendations of the majority and minority leaders of the Senate. Of any members appointed under paragraph (1)(E), the majority leader shall appoint the majority members and the minority leader shall appoint the minority members, with the majority having a one vote margin.

(3)(A) The majority leader of the Senate and the minority leader of the Senate shall be ex officio members of the select committee but shall have no vote in the Committee and shall not be counted for purposes of determining a quorum.

(B) The Chairman and Ranking Member of the Committee on Armed Services (if not already a member of the select Committee) shall be ex officio members of the select Committee but shall have no vote in the Committee and shall not be counted for purposes of determining a quorum.

(b) At the beginning of each Congress, the Majority Leader of the Senate shall select a chairman of the select Committee and the Minority Leader shall select a vice chairman for the select Committee. The vice chairman shall act in the place and stead of the chairman in the absence of the chairman. Neither the chairman nor the vice chairman of the select committee shall at the same time serve as chairman or ranking minority member of any other committee referred to in paragraph 4(e)(1) of rule XXV of the Standing Rules of the Senate.

(c) The select Committee may be organized into subcommittees. Each subcommittee shall have a chairman and a vice chairman who are selected by the Chairman and Vice Chairman of the select Committee, respectively.

Sec. 3. (a) There shall be referred to the select committee all proposed legislation, messages, petitions, memorials, and other matters relating to the following:

(1) The Office of the Director of National Intelligence and the Director of National Intelligence.

(2) The Central Intelligence Agency and the Director of the Central Intelligence Agency.

(3) Intelligence activities of all other departments and agencies of the Government, including, but not limited to, the intelligence activities of the Defense Intelligence Agency, the National Security Agency, and other agencies of the Department of Defense; the Department of State; the Department of Justice; and the Department of the Treasury.

(4) The organization or reorganization of any department or agency of the Government to the extent that the organization or reorganization relates to a function or activity involving intelligence activities.

(5) Authorizations for appropriations, both direct and indirect, for the following:

(A) The Office of the Director of National Intelligence and the Director of National Intelligence.

(B) The Central Intelligence Agency and the Director of the Central Intelligence Agency.

(C) The Defense Intelligence Agency.

(D) The National Security Agency.

(E) The intelligence activities of other agencies and subdivisions of the Department of Defense.

(F) The intelligence activities of the Department of State.

(G) The intelligence activities of the Federal Bureau of Investigation.

(H) Any department, agency, or subdivision which is the successor to any agency named in clause (A), (B), (C) or (D); and the activities of any department, agency, or subdivision which is the successor to any department, agency, bureau, or subdivision named in clause (E), (F), or (G) to the extent that the activities of such successor department, agency, or subdivision are activities described in clause (E), (F), or (G).

(b)(1) Any proposed legislation reported by the select Committee except any legislation involving matters specified in clause (1), (2), (5)(A), or (5)(B) of subsection (a), containing any matter otherwise within the jurisdiction of any standing committee shall, at the request of the chairman of such standing committee, be referred to such standing committee for its consideration of such matter and be reported to the Senate by such standing committee within 10 days after the day on which such proposed legislation, in its entirety and including annexes, is referred to such standing committee; and any proposed legislation reported by any committee, other than the select Committee, which contains any matter within the jurisdiction of the select Committee shall, at the request of the chairman of the select Committee, be referred to the select Committee for its consideration of such matter and be reported to the Senate by the select Committee within 10 days after the day on which such proposed legislation, in its entirety and including annexes, is referred to such committee.

(2) In any case in which a committee fails to report any proposed legislation referred to it within the time limit prescribed in this subsection, such Committee shall be automatically discharged from further consideration of such

proposed legislation on the 10th day following the day on which such proposed legislation is referred to such committee unless the Senate provides otherwise, or the Majority Leader or Minority Leader request, prior to that date, an additional 5 days on behalf of the Committee to which the proposed legislation was sequentially referred. At the end of that additional 5 day period, if the Committee fails to report the proposed legislation within that 5 day period, the Committee shall be automatically discharged from further consideration of such proposed legislation unless the Senate provides otherwise.

(3) In computing any 10 or 5 day period under this subsection there shall be excluded from such computation any days on which the Senate is not in session.

(4) The reporting and referral processes outlined in this subsection shall be conducted in strict accordance with the Standing Rules of the Senate. In accordance with such rules, committees to which legislation is referred are not permitted to make changes or alterations to the text of the referred bill and its annexes, but may propose changes or alterations to the same in the form of amendments.

(c) Nothing in this resolution shall be construed as prohibiting or otherwise restricting the authority of any other committee to study and review any intelligence activity to the extent that such activity directly affects a matter otherwise within the jurisdiction of such committee.

(d) Nothing in this resolution shall be construed as amending, limiting, or otherwise changing the authority of any standing committee of the Senate to obtain full and prompt access to the product of the intelligence activities of any department or agency of the Government relevant to a matter otherwise within the jurisdiction of such committee.

SEC. 4. (a) The select committee, for the purposes of accountability to the Senate, shall make regular and periodic, but not less than quarterly, reports to the Senate on the nature and extent of the intelligence activities of the various departments and agencies of the United States. Such committee shall promptly call to the attention of the Senate or to any other appropriate committee or committees of the Senate any matters requiring the attention of the Senate or such other committee or committees. In making such report, the select committee shall proceed in a manner consistent with section 8(c)(2) to protect national security.

(b) The select committee shall obtain an annual report from the Director of National Intelligence, the Director of the Central Intelligence Agency, the Secretary of Defense, the Secretary of State, and the Director of the Federal Bureau of Investigation. Such reports shall review the intelligence activities of the agency or department concerned and the intelligence activities of foreign countries directed at the United States or its interest. An unclassified version of each report may be made available to the public at the discretion of the select committee. Nothing herein shall be construed as requiring the public disclosure in such reports of the names of individuals engaged in intelligence activities for the United States or the divulging of intelligence methods employed or the sources of information on which such reports are based or the amount of funds authorized to be appropriated for intelligence activities.

(c) On or before March 15 of each year, the select committee shall submit to the Committee on the Budget of the Senate the views and estimates described in section 301(c) of the Congressional Budget Act of 1974 regarding matters within the jurisdiction of the select committee.

SEC. 5. (a) For the purposes of this resolution, the select committee is authorized in its discretion (1) to make investigations into any matter within its jurisdiction, (2) to make expenditures from the contingent fund of the Senate, (3) to employ personnel, (4) to hold hearings, (5) to sit and act at any time or place during the sessions, recesses, and adjourned periods of the Senate, (6) to require, by subpoena or otherwise, the attendance of witnesses and the production of correspondence, books, papers, and documents, (7) to take depositions and other testimony, (8) to procure the service of individual consultants or organizations thereof, in accordance with the provisions of section 202(i) of the Legislative Reorganization Act of 1946, and (9) with the prior consent of the government department or agency concerned and the Committee on Rules and Administration, to use on a reimbursable basis the services of personnel of any such department or agency.

(b) The chairman of the select committee or any member thereof may administer oaths to witnesses.

(c) Subpoenas authorized by the select committee may be issued over the signature of the chairman, the vice chairman or any member of the select committee designated by the chairman, and may be served by any person

designated by the chairman or any member signing the subpoenas.

SEC. 6. No employee of the select committee or any person engaged by contract or otherwise to perform services for or at the request of such committee shall be given access to any classified information by such committee unless such employee or person has (1) agreed in writing and under oath to be bound by the rules of the Senate (including the jurisdiction of the Select Committee on Ethics) and of such committee as to the security of such information during and after the period of his employment or contractual agreement with such committee; and (2) received an appropriate security clearance as determined by such committee in consultation with the Director of National Intelligence. The type of security clearance to be required in the case of any such employee or person shall, within the determination of such committee in consultation with the Director of National Intelligence, be commensurate with the sensitivity of the classified information to which such employee or person will be given access by such committee.

SEC. 7. The select committee shall formulate and carry out such rules and procedures as it deems necessary to prevent the disclosure, without the consent of the person or persons concerned, of information in the possession of such committee which unduly infringes upon the privacy or which violates the constitutional rights of such person or persons. Nothing herein shall be construed to prevent such committee from publicly disclosing any such information in any case in which such committee determines the national interest in the disclosure of such information clearly outweighs any infringement on the privacy of any person or persons.

SEC. 8. (a) The select committee may, subject to the provisions of this section, disclose publicly any information in the possession of such committee after a determination by such committee that the public interest would be served by such disclosure. Whenever committee action is required to disclose any information under this section, the committee shall meet to vote on the matter within five days after any member of the committee requests such a vote. No member of the select committee shall disclose any information, the disclosure of which requires a committee vote, prior to a vote by the committee on the question of the

disclosure of such information or after such vote except in accordance with this section.

(b)(1) In any case in which the select committee votes to disclose publicly any information which has been classified under established security procedures, which has been submitted to it by the Executive branch, and which the Executive branch requests be kept secret, such committee shall—

(A) first, notify the Majority Leader and Minority Leader of the Senate of such vote; and

(B) second, consult with the Majority Leader and Minority Leader before notifying the President of such vote.

(2) The select committee may disclose publicly such information after the expiration of a five-day period following the day on which notice of such vote is transmitted to the Majority Leader and the Minority Leader and the President, unless, prior to the expiration of such five-day period, the President, personally in writing, notifies the committee that he objects to the disclosure of such information, provides his reasons therefore, and certifies that the threat to the national interest of the United States posed by such disclosure is of such gravity that it outweighs any public interest in the disclosure.

(3) If the President, personally, in writing, notifies the Majority Leader and Minority Leader of the Senate and the select Committee of his objections to the disclosure of such information as provided in paragraph (2), the Majority Leader and Minority Leader jointly or the select Committee, by majority vote, may refer the question of the disclosure of such information to the Senate for consideration.

(4) Whenever the select committee votes to refer the question of disclosure of any information to the Senate under paragraph (3), the Chairman shall not later than the first day on which the Senate is in session following the day on which the vote occurs, report the matter to the Senate for its consideration.

(5) One hour after the Senate convenes on the fourth day on which the Senate is in session following the day on which any such matter is reported to the Senate, or at such earlier time as the majority leader and the minority leader of the Senate jointly agree upon in accordance with paragraph 5 of rule XVII of the Standing Rules of the Senate, the Senate shall go into closed session and the matter

shall be the pending business. In considering the matter in closed session the Senate may—

> (A) approve the public disclosure of all or any portion of the information in question, in which case the committee shall publicly disclose the information ordered to be disclosed,
>
> (B) disapprove the public disclosure of all or any portion of the information in question, in which case the committee shall not publicly disclose the information ordered not to be disclosed, or
>
> (C) refer all or any portion of the matter back to the committee, in which case the committee shall make the final determination with respect to the public disclosure of the information in question.

Upon conclusion of the consideration of such matter in closed session, which may not extend beyond the close of the ninth day on which the Senate is in session following the day on which such matter was reported to the Senate, or the close of the fifth day following the day agreed upon jointly by the majority and minority leaders in accordance with paragraph 5 of rule XVII of the Standing Rules of the Senate (whichever the case may be), the Senate shall immediately vote on the disposition of such matter in open session, without debate, and without divulging the information with respect to which the vote is being taken. The Senate shall vote to dispose of such matter by one or more of the means specified in clauses (A), (B), and (C) of the second sentence of this paragraph. Any vote of the Senate to disclose any information pursuant to this paragraph shall be subject to the right of a Member of the Senate to move for reconsideration of the vote within the time and pursuant to the procedures specified in rule XIII of the Standing Rules of the Senate, and the disclosure of such information shall be made consistent with that right.

(c)(1) No information in the possession of the select committee relating to the lawful intelligence activities of any department or agency of the United States which has been classified under established security procedures and which the select committee, pursuant to subsection (a) or (b) of this section, has determined should not be disclosed shall be made available to any person by a Member, officer, or employee of the Senate except in a closed session of the Senate or as provided in paragraph (2).

(2) The select committee may, under such regulations as the committee shall prescribe to protect the confidentiality of such information, make any information described in paragraph (1) available to any other committee or any other Member of the Senate. Whenever the select committee makes such information available, the committee shall keep a written record showing, in the case of any particular information, which committee or which Members of the Senate received such information. No Member of the Senate who, and no committee which, receives any information under this subsection, shall disclose such information except in a closed session of the Senate.

(d) It shall be the duty of the Select Committee on Ethics to investigate any unauthorized disclosure of intelligence information by a Member, officer or employee of the Senate in violation of subsection (c) and to report to the Senate concerning any allegation which it finds to be substantiated.

(e) Upon the request of any person who is subject to any such investigation, the Select Committee on Ethics shall release to such individual at the conclusion of its investigation a summary of its investigation together with its findings. If, at the conclusion of its investigation, the Select Committee on Ethics determines that there has been a significant breach of confidentiality or unauthorized disclosure by a Member, officer, or employee of the Senate, it shall report its findings to the Senate and recommend appropriate action such as censure, removal from committee membership, or expulsion from the Senate, in the case of a Member, or removal from office or employment or punishment for contempt, in the case of an officer or employee.

SEC. 9. The select committee is authorized to permit any personal representative of the President, designated by the President to serve as a liaison to such committee, to attend any closed meeting of such committee.

SEC. 10. Upon expiration of the Select Committee on Governmental Operations With Respect to Intelligence Activities, established by Senate Resolution 21, Ninety-fourth Congress, all records, files, documents, and other materials in the possession, custody, or control of such committee, under appropriate conditions established by it, shall be transferred to the select committee.

SEC. 11. (a) It is the sense of the Senate that the head of each department and agency of the United States should

keep the select committee fully and currently informed with respect to intelligence activities, including any significant anticipated activities, which are the responsibility of or engaged in by such department or agency: *Provided,* That this does not constitute a condition precedent to the implementation of any such anticipated intelligence activity.

(b) It is the sense of the Senate that the head of any department or agency of the United States involved in any intelligence activities should furnish any information or document in the possession, custody, or control of the department or agency, or person paid by such department or agency, whenever requested by the select committee with respect to any matter within such committee's jurisdiction.

(c) It is the sense of the Senate that each department and agency of the United States should report immediately upon discovery to the select committee any and all intelligence activities which constitute violations of the constitutional rights of any person, violations of law, or violations of Executive orders, Presidential directives, or departmental or agency rules or regulations; each department and agency should further report to such committee what actions have been taken or are expected to be taken by the departments or agencies with respect to such violations.

SEC. 12. Subject to the Standing Rules of the Senate, no funds shall be appropriated for any fiscal year beginning after September 30, 1976, with the exception of a continuing bill or resolution, or amendment thereto, or conference report thereon, to, or for use of, any department or agency of the United States to carry out any of the following activities, unless such funds shall have been previously authorized by a bill or joint resolution passed by the Senate during the same or preceding fiscal year to carry out such activity for such fiscal year:

(1) The activities of the Office of the Director of National Intelligence and the Director of National Intelligence.

(2) The activities of the Central Intelligence Agency and the Director of the Central Intelligence Agency.

(3) The activities of the Defense Intelligence Agency.

(4) The activities of the National Security Agency.

(5) The intelligence activities of other agencies and subdivisions of the Department of Defense.

(6) The intelligence activities of the Department of State.

(7) The intelligence activities of the Federal Bureau of Investigation.

SEC. 13. (a) The select committee shall make a study with respect to the following matters, taking into consideration with respect to each such matter, all relevant aspects of the effectiveness of planning, gathering, use, security, and dissemination of intelligence:

(1) the quality of the analytical capabilities of United States foreign intelligence agencies and means for integrating more closely analytical intelligence and policy formulation;

(2) the extent and nature of the authority of the departments and agencies of the Executive branch to engage in intelligence activities and the desirability of developing charters for each intelligence agency or department;

(3) the organization of intelligence activities in the Executive branch to maximize the effectiveness of the conduct, oversight, and accountability of intelligence activities; to reduce duplication or overlap; and to improve the morale of the personnel of the foreign intelligence agencies;

(4) the conduct of covert and clandestine activities and the procedures by which Congress is informed of such activities;

(5) the desirability of changing any law, Senate rule or procedure, or any Executive order, rule, or regulation to improve the protection of intelligence secrets and provide for disclosure of information for which there is no compelling reason for secrecy;

(6) the desirability of establishing a standing committee of the Senate on intelligence activities;

(7) the desirability of establishing a joint committee of the Senate and the House of Representatives on intelligence activities in lieu of having separate committees in each House of Congress, or of establishing procedures under which separate committees on intelligence activities of the two Houses of Congress would receive joint briefings from the intelligence agencies and coordinate their policies with respect to the safeguarding of sensitive intelligence information;

(8) the authorization of funds for the intelligence activities of the Government and whether disclosure of any of the amounts of such funds is in the public interest; and

(9) the development of a uniform set of definitions for terms to be used in policies or guidelines which may be adopted by the executive or legislative branches to govern, clarify, and strengthen the operation of intelligence activities.

(b) The select committee may, in its discretion, omit from the special study required by this section any matter it determines has been adequately studied by the Select Committee To Study Governmental Operations With Respect to Intelligence Activities, established by Senate Resolution 21, Ninety-fourth Congress.

(c) The select committee shall report the results of the study provided for by this section to the Senate, together with any recommendations for legislative or other actions it deems appropriate, no later than July 1, 1977, and from time to time thereafter as it deems appropriate.

SEC. 14. (a) As used in this resolution, the term "intelligence activities" includes (1) the collection, analysis, production, dissemination, or use of information which relates to any foreign country, or any government, political group, party, military force, movement, or other association in such foreign country, and which relates to the defense, foreign policy, national security, or related policies of the United States, and other activity which is in support of such activities; (2) activities taken to counter similar activities directed against the United States; (3) covert or clandestine activities affecting the relations of the United States with any foreign government, political group, party, military force, movement or other association; (4) the collection, analysis, production, dissemination, or use of information about activities of persons within the United States, its territories and possessions, or nationals of the United States abroad whose political and related activities pose, or may be considered by any department, agency, bureau, office, division, instrumentality, or employee of the United States to pose, a threat to the internal security of the United States, and covert or clandestine activities directed against such persons. Such term does not include tactical foreign military intelligence serving no national policy-making function.

(b) As used in this resolution, the term "department or agency" includes any organization, committee, council, establishment, or office within the Federal Government.

(c) For purposes of this resolution, reference to any department, agency, bureau, or subdivision shall include a reference to any successor department, agency, bureau, or subdivision to the extent that such successor engages in intelligence activities now conducted by the department, agency, bureau, or subdivision referred to in this resolution.

SEC. 15. (a) In addition to other committee staff selected by the select Committee, the select Committee shall hire or appoint one employee for each member of the select Committee to serve as such Member's designated representative on the select Committee. The select Committee shall only hire or appoint an employee chosen by the respective Member of the select Committee for whom the employee will serve as the designated representative on the select Committee.

(b) The select Committee shall be afforded a supplement to its budget, to be determined by the Committee on Rules and Administration, to allow for the hire of each employee who fills the position of designated representative to the select Committee. The designated representative shall have office space and appropriate office equipment in the select Committee spaces. Designated personal representatives shall have the same access to Committee staff, information, records, and databases as select Committee staff, as determined by the Chairman and Vice Chairman.

(c) The designated employee shall meet all the requirements of relevant statutes, Senate rules, and committee security clearance requirements for employment by the select Committee.

(d) Of the funds made available to the select Committee for personnel—

　　(1) not more than 60 percent shall be under the control of the Chairman; and

　　(2) not less than 40 percent shall be under the control of the Vice Chairman.

SEC. 16. Nothing in this resolution shall be construed as constituting acquiescence by the Senate in any practice, or in the conduct of any activity, not otherwise authorized by law.

SEC. 17. (a)(1) Except as provided in subsections (b) and (c), the Select Committee shall have jurisdiction to review, hold hearings, and report the nominations of civilian individuals for positions in the intelligence community for which appointments are made by the President, by and with the advice and consent of the Senate.

"(2) Except as provided in subsections (b) and (c), other committees with jurisdiction over the department or agency of the Executive Branch which contain a position referred to in paragraph (1) may hold hearings and interviews with individuals nominated for such position, but only the Select Committee shall report such nomination.

"(3) In this subsection, the term 'intelligence community' means an element of the intelligence community specified in or designated under section 3(4) of the National Security Act of 1947 (50 U.S.C. 3003(4)).

"(b)(1) With respect to the confirmation of the Assistant Attorney General for National Security, or any successor position, the nomination of any individual by the President to serve in such position shall be referred to the Committee on the Judiciary and, if and when reported, to the Select Committee for not to exceed 20 calendar days, except that in cases when the 20-day period expires while the Senate is in recess, the Select Committee shall have 5 additional calendar days after the Senate reconvenes to report the nomination.

"(2) If, upon the expiration of the period described in paragraph (1), the Select Committee has not reported the nomination, such nomination shall be automatically discharged from the Select Committee and placed on the Executive Calendar.

"(c)(1) With respect to the confirmation of appointment to the position of Director of the National Security Agency, Inspector General of the National Security Agency, Director of the National Reconnaissance Office, or Inspector General of the National Reconnaissance Office, orany successor position to such a position, the nomination of any individual by the President to serve in such position, who at the time of the nomination is a member of the Armed Forces on active duty, shall be referred to the Committee on Armed Services and, if and when reported, to the Select Committee for not to exceed 30 calendar days, except that in cases when the 30-day period expires while the Senate is in recess, the Select Committee shallhave 5 additional

calendar days after the Senate reconvenes to report the nomination.

"(2) With respect to the confirmation of appointment to the position of Director of the National Security Agency, Inspector General of the National Security Agency, Director of the National Reconnaissance Office, or Inspector General or the National Reconnaissance Office, or any successor position to such a position, the nomination of any individual by the President to serve in such position, who at the time of the nomination is not a member of the Armed Forces on active duty, shall be referred to the Select Committee and, if and when reported, to the Committee on Armed Services for not to exceed 30 calendar days, except that in cases when the 30-day period expires while the Senate is in recess, the Committee on Armed Services shall have an additional 5 calendar days after the Senate reconvenes to report the nomination.

"(3) If, upon the expiration of the period of sequential referral described in paragraphs (1) and (2), the committee to which the nomination was sequentially referred has not reported the nomination, the nomination shall be automatically discharged from that committee and placed on the Executive Calendar.".

[S. Res. 400, 94–2, May 19, 1976, as amended S. Res. 470, 113–2, July 7, 2014; S. Res. 4, Feb. 4, 1977; S. Res. 445, 108–2, Oct. 9, 2004, Pub. L. 109–77, § 506. 120 Stat. 247. 247 (2005), and S. Res. 50, 110–1, Feb. 14, 2007.]

HOMELAND SECURITY AND INTELLIGENCE OVERSIGHT      **82**

To eliminate certain restrictions on service of a Senator on the Senate Select Committee on Intelligence.

*Resolved,*

SEC. 100. Purpose.

It is the purpose of titles I through V of this resolution to improve the effectiveness of the Senate Select Committee on Intelligence, especially with regard to its oversight of the Intelligence Community of the United States Government, and to improve the Senate's oversight of homeland security.

TITLE I—HOMELAND SECURITY OVERSIGHT REFORM      **82.1**

SEC. 101. Homeland Security.

(a) COMMITTEE ON HOMELAND SECURITY AND GOVERNMENT AFFAIRS.—The Committee on Governmental