# Exhibit C

Memorandum of Points and Authorities in Support of
Defendants' Motion to Dismiss

*Musgrave v. Warner, et al.*, Civil Action No. 1:21-cv-02198-BAH

| 95th Congress 2d Session | COMMITTEE PRINT | PART 6 |

# REPORT

## OF THE

# SELECT COMMITTEE
# ON CONGRESSIONAL OPERATIONS
## U.S. HOUSE OF REPRESENTATIVES

### PURSUANT TO
### HOUSE RESOLUTION 420
### NINETY-FIFTH CONGRESS
#### AND THE

# COMMITTEE ON
# RULES AND ADMINISTRATION
## U.S. SENATE

### PURSUANT TO
### SENATE RULE XXV. (n)(2)
#### IDENTIFYING
## COURT PROCEEDINGS AND ACTIONS OF VITAL
## INTEREST TO THE CONGRESS

*Current to December 31, 1978*



Printed for the use of the House Select Committee on Congressional Operations and the Senate Committee on Rules and Administration

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1978

37-148 O

S 682-3
H 762-3

## SELECT COMMITTEE ON CONGRESSIONAL OPERATIONS

### U.S. HOUSE OF REPRESENTATIVES

JACK BROOKS. Texas, *Chairman*

| | |
|---|---|
| ROBERT N. GIAIMO, Connecticut | JAMES C. CLEVELAND, New Hampshire |
| JAMES L. OBERSTAR, Minnesota | JOHN M. ASHBROOK, Ohio |
| JOHN L. BURTON, California | |
| ADAM BENJAMIN, Jr., Indiana | |

## COMMITTEE ON RULES AND ADMINISTRATION

### U.S. SENATE

CLAIBORNE PELL, Rhode Island, *Chairman*

| | |
|---|---|
| HOWARD W. CANNON, Nevada | MARK O. HATFIELD, Oregon |
| ROBERT C. BYRD, West Virginia | ROBERT P. GRIFFIN, Michigan |
| HARRISON A. WILLIAMS, Jr., New Jersey | HOWARD H. BAKER, Jr., Tennessee |
| DICK CLARK, Iowa | |

II

# CONTENTS

_____

## COURT PROCEEDINGS AND ACTIONS OF VITAL INTEREST TO THE CONGRESS

|  | Page |
|---|---|
| Introduction | ix |
| **I. Constitutional Qualifications of Members of Congress:** | |
| *Clancey v. Albert* | 1 |
| *Laxalt v. Kimmitt* | 2 |
| **II. Constitutional Immunity of Members of Congress:** | |
| *Davis v. Passman* | 7 |
| *McSurely v. McAdams* (formerly McClellan) | 14 |
| *Hutchinson v. Proxmire* | 23 |
| *United States v. Helstoski* | 28 |
| *Helstoski v. Meanor* | 28 |
| *Chase v. Kennedy* | 37 |
| *Rusack v. Harsha* | 38 |
| **III. Powers of Congressional Committees:** | |
| *United States v. American Telephone and Telegraph Co.* | 43 |
| *Koniag Inc. v. Andrus* (formerly Kleppe) | 50 |
| *Exxon Corp. v. Federal Trade Commission* | 55 |
| *Kerr-McGee Corp. v. Federal Trade Commission* | 55 |
| *Union Carbide Corp. v. Federal Trade Commission* | 55 |
| *United States v. Berrellez* | 62 |
| *United States v. Gerrity* | 63 |
| *Holy Spirit Association v. Fraser* | 64 |
| *In re Beef Industry Antitrust Litigation* | 65 |
| *Iowa Beef Processors, Inc. v. Bagley* | 66 |
| *United States v. Powell* | 68 |
| *Application of Senate Select Committee on Ethics* | 69 |
| *Application of House Select Committee on Assassinations* | 69 |
| **IV. Constitutional Powers of the Congress:** | |
| *Chadha v. Immigration and Naturalization Service* | 71 |
| *Nixon v. Sampson* | 73 |
| *Nixon v. Solomon* | 92 |
| *Citronelle-Mobile Gathering, Inc. v. Gulf Oil Corp* | 93 |
| *Goland v. Central Intelligence Agency* | 95 |
| *Daughtrey v. Carter* | 101 |
| *Schwartz v. United States Department of Justice* | 106 |
| *Goldwater v. Carter* | 109 |
| **V. Officers, Employees, and Agents of the Congress:** | |
| *Socialist Workers v. Henshaw* (formerly Jennings) | 113 |
| *United States v. Elko* | 116 |
| *Brislin v. United States* | 116 |

# IV

| | Page |
|---|---|
| **V. Officers, Employees, and Agents of the Congress—Continued** | |
| *Common Cause* v. *Bolger* (formerly Bailar, formerly Klassen) | 117 |
| *Lewis* v. *Chisholm* | 135 |
| *Abney* v. *United States Capitol Hill Policeman* | 136 |
| *Martin Tractor Co.* v. *Federal Election Commission* | 136 |
| **VI. Disputed Elections:** | |
| *Moreau* v. *Tonry* | 141 |
| **VII. Other Actions Involving Members in a Representative Capacity:** | |
| *Dellums* v. *Powell* | 145 |
| *Powell* v. *Dellums* | 145 |
| *Wilson* v. *Dellums* | 145 |
| *Sportservice Corp.* v. *Steiger* | 149 |
| *Reuss* v. *Balles* | 150 |
| *United States* v. *Podell* | 155 |
| *Clay* v. *Bauman* | 157 |
| *McRae* v. *Califano* | 158 |
| *Ray* v. *Proxmire* | 161 |
| *Young* v. *New York Times* | 162 |
| *Rosen* v. *Young* | 163 |
| *Gardner* v. *Young* | 164 |
| *Helstoski* v. *Goldstein* | 164 |
| *Cervase* v. *Rangel* | 165 |
| *United States* v. *Goldberg* | 167 |
| *United States ex rel. Joseph* v. *Cannon* | 172 |
| *United States* v. *Hanna* | 173 |
| *United States* v. *Passman* | 174 |
| *United States* v. *Diggs* | 175 |
| *Community-Service Broadcasting of Mid-America, Inc.* v. *Federal Communications Commission* | 176 |
| *Patterson* v. *Griffin* | 180 |
| *Littlejohn* v. *Talmadge* | 181 |
| *United States* v. *Clark* | 182 |
| *United States* v. *Flood* | 183 |
| *United States* v. *Eilberg* | 184 |
| *In re Japanese Electronic Products Antitrust Litigation* | 184 |

## Decisions

| | |
|---|---|
| *Rusack* v. *Harsha* | 189 |
| *Exxon Corp.* v. *Federal Trade Commission* | 215 |
| *Kerr-McGee Corp.* v. *Federal Trade Commission* | 215 |
| *Union Carbide Corp.* v. *Federal Trade Commission* | 215 |
| *Iowa Beef Processors, Inc.* v. *Bagley* (District Court, February 13, 1978) | 237 |
| *Iowa Beef Processors, Inc.* v. *Bagley* (District Court, November 24, 1978) | 249 |
| *Iowa Beef Processors, Inc.* v. *Bagley* (Court of Appeals) | 251 |
| *Nixon* v. *Sampson* | 257 |
| *Schwartz* v. *United States Department of Justice* (August 30, 1977) | 273 |
| *Schwartz* v. *United States Department of Justice* (December 12, 1977) | 275 |

V

## Decisions—Continued

Page

*Schwartz* v. *United States Department of Justice* (February 9, 1978) .................................................................... 277

*Lewis* v. *Chisholm* ...................................................... 283

*Martin Tractor Co.* v. *Federal Election Commission* ........ 285

*Dellums* v. *Powell* ...................................................... 293

*Cervase* v. *Rangel* ... ................................................. 313

*United States v. Passman* ...................................... 321

*United States v. Clark* ................ ........................... 335

### Appendix

Members of the 95th Congress parties to or directly concerned with litigation affecting Congress ................................ 345

### Index

Table of Cases Reported .................................................. 349

## HOUSE RESOLUTION 420 (95TH CONG., 1ST SESS.)

### SELECT COMMITTEE ON CONGRESSIONAL OPERATIONS

&bull;     &bull;     &bull;     &bull;     &bull;     &bull;     &bull;

#### FUNCTIONS OF SELECT COMMITTEE

SEC. 3. (a) The select committee shall continue the functions of the Joint Committee on Congressional Operations for the House, as follows:

&bull;     &bull;     &bull;     &bull;     &bull;     &bull;     &bull;

(2) Identifying any court proceeding or action which, in the opinion of the select committee, is of vital interest to the Congress, or to the House of Representatives as a constitutionally established institution of the Federal Government, and calling such proceeding or action to the attention of the House.—

&bull;     &bull;     &bull;     &bull;     &bull;     &bull;     &bull;

## SENATE RULE XXV, (n)(2)

### COMMITTEE ON RULES AND ADMINISTRATION

&bull;     &bull;     &bull;     &bull;     &bull;     &bull;     &bull;

Such committee shall also—

&bull;     &bull;     &bull;     &bull;     &bull;     &bull;     &bull;

(B) Identify any court proceeding or action which in the opinion of the committee, is of vital interest to the Congress as a constitutionally established institution of the Federal Government and call such proceeding or action to the attention of the Senate.

# INTRODUCTION

In accordance with the provisions of House Resolution 420 of the 95th Congress and Senate Rule XXV, the Select Committee on Congressional Operations and the Senate Committtee on Rules and Administration are continuing the practice of reporting on court cases and actions of importance to the Congress as a constitutionally established institution of the Federal Government.

This report, the sixth report for the 95th Congress, provides case briefs, accounts of the status of court proceedings and the full text of decisions in cases which the committees have identified as being of vital interest to the Congress. Major changes in the briefs of previously reported cases appear in bold type. Those filed before the publication of the most recent preceding report but appearing in the reporting series for the first time are described as "(Newly Reported Cases)." Cases filed after the publication of the most recent preceding report are designated as "(New Cases)."

The committees intend to continue the practice of publishing reports of court proceedings and actions periodically throughout the 96th Congress. In addition, the committees also intend to publish a complete collection of the cases which have appeared in this series.

We encourage comments from all Members of Congress and others who use this report as an information source and research document. We also would welcome and appreciate any information or suggestions as to pending court proceedings and actions which do not appear in this report.

JACK BROOKS, *Chairman,*
*House Select Committee on*
*Congressional Operations.*

CLAIBORNE PELL, *Chairman,*
*Senate Committee on Rules*
*and Administration.*

ix

*Bush,* 553 F.2d at 212-13. Once a bill becomes law, a Congressman's interest in its enforcement is shared by, and indistinguishable from, that of any other member of the public. *Harrington* v. *Schlesinger,* 528 F.2d 455, 459 (4th Cir. 1975); accord, *Harrington* v. *Bush,* 553 F.2d at 213. Thus, in this case, the injury suffered by the congressional appellants is in no way unique to their status as legislators. [Slip Opinion at 14.]

As to the interest of all the appellants, as citizens, in the proper administration of the law, specifically the enforcement of the Immigration and Nationality Act by the Attorney General, the Court of Appeals held an injury to this interest to be an abstract, generalized interest insufficent to confer standing.

*Status.*—No further action has been taken. The time for further appeal has expired.

The July 25, 1978 decision of the Court of Appeals is printed in the "Decisions" section of *Court Proceedings and Actions of Vital Interest to the Congress,* Part 5, September 15, 1978.

### *Schwartz* v. *United States Department of Justice* (Newly Reported Case)

No. 78-1334 (D.C. Cir.)

*Brief.*—This suit was filed on November 4, 1976, under the Freedom of Information Act, 5 U.S.C. § 3552 (hereinafter "FOIA"), by Robert Bennett Schwartz, to compel the release of materials relating to the investigation of the conduct of Peter R. Schlam, an Assistant United States Attorney for the Eastern District of New York, during the unsuccessful extortion and conspiracy prosecution of then-Representative Angelo Roncallo. Named as defendants in the complaint were the United States Department of Justice; Edward H. Levi, at that time Attorney General of the United States; and Peter A. Rodino, Jr., Chairman of the Judiciary Committee of the U.S. House of Representatives. Mr. Levi and Congressman Rodino were sued in their official capacities.

Mr. Schwartz alleged in the complaint that pursuant to the FOIA he was entitled to inspect and copy the documents in the possession of the Justice Department and the Judiciary Committee, and that he had exhausted all available administrative remedies in an attempt to secure such access. The complaint sought declaratory and injunctive relief providing for an order directing the defendants to produce the requested documents immediately, and expediting the complaint as provided in the FOIA.

Along with the complaint, Mr. Schwartz filed an application for leave to proceed in *forma pauperis.* On November 3, 1976, District Judge George L. Hart, Jr., granted the application and also dismissed the action under 28 U.S.C. § 1915(d), which provides for the dismissal of an action in *forma pauperis* if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious.

On November 17, 1976, Mr. Schwartz filed a notice of appeal from the order dismissing the action. Leave to appeal without prepayment of costs was denied as frivolous and not taken in good faith by District Judge Hart on November 17, 1976.

107

The United States Court of Appeals for the District of Columbia
Circuit granted the motion of Mr. Schwartz to proceed on appeal in
*forma pauperis* on January 19, 1977.

On March 4, 1977, a *per curiam* order was issued, *sua sponte*,
vacating the order of the District Court and remanding the case to
the District Court with instructions to serve the defendants with
summonses in accordance with Rule 4(a) of the Federal Rules of
Civil Procedure.

On July 11, 1977. Defendants, Department of Justice and Griffin
B. Bell, Attorney General, who was automatically substituted in
place of Mr. Levi, filed an answer to the complaint. The answer
claimed, *inter alia*, that: the complaint failed to state a claim upon
which relief could be granted; the court lacked subject matter
jurisdiction; and Griffin B. Bell was not a proper party to the
action.

On July 11, 1977, Representative Rodino filed a motion to dismiss
and a supporting memorandum of points and authorities, in which
he asserted that as Chairman of the House Judiciary Committee,
he was not a proper party to the action, that the court lacked
subject matter jurisdiction and that the complaint failed to state a
claim upon which relief could be granted.

Chairman Rodino argued in particular that neither he nor the
House Judiciary Committee were within the perview of the FOIA.
He noted that the act applied to "agencies" of the executive branch
of the Federal Government and that the FOIA specifically excluded
the Congress from its disclosure requirements.

Mr. Schwartz filed an affidavit in opposition to Congressman
Rodino's motion to dismiss. In the affidavit, he requested that
Representative Rodino be directed to appear and answer the com-
plaint. The affidavit further stated that Congressman Rodino was
sued under an asserted general common law right of plaintiff to
inspect public records.

On August 30, 1977, District Judge Pratt issued a memorandum
opinion denying the motion to dismiss. The memorandum opinion
held that the historic common law right to inspect and copy public
records has been recognized in the District of Columbia Circuit,
that the general rule is that all three branches of Government are
subject to the common law, and that Congressman Rodino had set
forth no persuasive reason why Congress should be exempt from
the common law rule. Judge Pratt stated that, absent a showing
that the matters sought by plaintiff are not "public records" within
the meaning of the common law rule or that Mr. Schwartz does not
possess any "interest" required for application of the rule, the
motion to dismiss could not be granted. He also noted that Con-
gress could exempt itself from the common law rule if it so desired,
but had not done so.

On September 30, 1977, Representative Rodino filed a motion to
dismiss or, in the alternative, for summary judgment. The grounds
put forth for the motion were that the court lacked subject matter
jurisdiction and that there was no dispute as to any issue of mate-
rial fact. In an affidavit attached to the motion, Congressman
Rodino stated that no investigation or inquiry of any kind relating
to the matters alluded to in the complaint had ever been undertak-
en by the committee or any staff person employed by the commit-

tee. An affidavit of Edmund L. Henshaw, Clerk of the United States House of Representatives was also attached to the motion. Mr. Henshaw stated that a search failed to turn up any documents or papers relating to any investigaton of Peter Schlam by the committee.

A supplement to the motion to dismiss or, in the alternative, for summary judgment and a second affidavit of Congressman Rodino were filed on December 7, 1977. Attached to the affidavit were a number of documents related to statements made by former Representative Roncallo on the floor of the House of Representatives and in a letter to Representative Rodino. The supplement to the motion reiterated that there were no House records within the scope of Mr. Schwartz' request.

A memorandum order was issued by District Judge Pratt on December 12, 1977, granting the motion of Congressman Rodino for summary judgment, denying the motion of the Department of Justice for a protective order and directing the Department of Justice to answer plaintiff's first set of interrogatories on or before January 6, 1978. The memorandum order noted that Congressman Rodino had indicated by sworn affidavit that he had directed a thorough records search and filed and delivered copies of all material compiled by his committee. Judge Pratt stated that a reviewing court must grant summary judgment in defendant's behalf when the defendant, in candor and good faith, has indicated that all available records have been turned over to the plaintiff. In denying the motion of the Department of Justice for a protective order, the memorandum order noted that plaintiff, proceeding *pro se*, had filed the action in November of 1976 and had been delayed over 1 year in his efforts to secure the information at issue. The court also noted that the interrogatories did not strike the court as unduly burdensome and they might assist plaintiff in his attempt to locate additional relevant documents.

On January 6, 1978, the Department of Justice filed a response to Mr. Schwartz' interrogatories. The Department released some of the documents requested by Mr. Schwartz and refused to release other documents, asserting that they were exempt from disclosure under the Freedom of Information Act. Also filed by the Justice Department on January 6, 1978, was a motion for summary judgment on the grounds that there existed no genuine issue as to any material fact. In a "statement of material facts pursuant to local rule 19(h) as to which there is no genuine issue" and a memorandum of points and authorities in support of its motion, the Department of Justice argued that the withholding of those documents denied to Mr. Schwartz was proper under FOIA exemptions 5, 6, 7(c) and 7(d) 5 U.S.C. § 552(b).

On February 9, 1978, District Judge Pratt issued a memorandum order granting the Department's motion to dismiss. The liability of the Attorney General in his official capacity was treated as incorporated into that of the Department of Justice. The memorandum order stated that the documents were variously protected by FOIA exemption 7(c), which exempts from mandatory disclosure investigatory records compiled for law enforcement purposes to the extent that the production of such records would constitute an unwarranted invasion of privacy; by FOIA exemption 7(d), which exempts

from mandatory disclosure investigatory records compiled for law enforcement purposes to the extent the production of such records would disclose the identity of a confidential source; and by FOIA exemption 6, which protects from disclosure personnel and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Since the District Court held all of the documents in question to be protected by FOIA exemption 6, 7(c) or 7(d), the applicability of exemption 5, which protects interagency or intraagency communications which would not be available by law to a party other than an agency in litigation with the agency, was not reached in the opinion.

On March 3, 1978, Mr. Schwartz filed a notice of appeal from the memorandum order of February 9, 1978.

*Status.*—The appeal is pending before the United States Court of Appeals for the District of Columbia Circuit.

The District Court's memorandum opinion of August 30, 1977 is printed in the "Decisions" section of this report at 273.

The District Court's memorandum order of December 12, 1977 is printed in the "Decisions" section of this report at 275.

The District Court's memorandum order to February 9, 1978 is printed in the "Decisions" section of this report at 277.

***Goldwater v. Carter*** (New Case)

Civil Action No. 78-2412 (D.D.C.)

*Brief.*—Plaintiffs, Members of the Senate and House of Representatives, filed suit on December 22, 1978, in the United States District Court for the District of Columbia, against President Carter and Secretary of State Cyrus Vance. Plaintiffs include Senator Barry Goldwater, Senator Strom Thurmond, Senator Carl Curtis, Senator Jake Garn, Senator Jesse A. Helms, Senator-elect Gordon Humphrey, Congressman Robert Bauman, Congressman Steve Symms, Congressman Larry McDonald, Congressman Robert Daniel, Jr., Congressman Bob Stump, Congressman Eldon Rudd, Congressman John Ashbrook and Congressman George Hansen.

The plaintiffs seek to have the court declare unconstitutional and illegal, and to enjoin, set aside, annul, suspend, or otherwise declare invalid and of no effect, the purported notice by President Carter to the Republic of China of the termination of the 1954 Mutual Defense Treaty (hereinafter "Defense Treaty"), TIAS 3178, 6 UST 433 (1955), between the United States and the Republic of China. Plaintiffs further seek to have the court declare that the termination of the 1954 Treaty cannot be legally accomplished, nor can notice be given of the intended termination of such treaty, without the advise and consent of the United States Senate, or the approval of both Houses of Congress.

The Congressional plaintiffs first assert that the Defense Treaty itself stipulates the only method for its abrogation. Article X of the Defense Treaty states in its entirety:

> This Treaty shall remain in force indefinitely. Either Party may terminate it one year after notice has been given to the other Party.

They then assert that Article 2 of the Vienna convention on the Law of Treaties defines the term "party" as "a State which has

United States District Court for the District of
Columbia

———  ———

Civil Action No. 76-2039

ROBERT BENNETT SCHWARTZ, PLAINTIFF,

*v.*

DEPARTMENT OF JUSTICE ET AL., DEFENDANTS.

———  ———

MEMORANDUM

This is an action in which plaintiff seeks certain rec-
ords from the Department of Justice and Peter A.
Rodino, Jr., Chairman of the Committee on the Judici-
ary of the United States House of Representatives, on
the investigation of one Peter R. Schlam. The Depart-
ment of Justice is sued under the Freedom of Informa-
tion Act. Mr. Rodino is sued under the common law
right of access to public records. The matter is now
before the Court on Mr. Rodino's motion to dismiss. Mr.
Rodino claims that Congress is not subject to the
common law rule which gives citizens a right of access
to public records.

The historic common law right to inspect and copy
public records is recognized in this jurisdiction. *United
States* v. *Mitchell,* 551 F.2d 1252, 1257 (D.C. Cir. 1976).
The general rule is that all three branches of govern-
ment, legislative, executive, and judicial, are subject to
the common law right. *Courier-Journal & Louisville
Times Co.* v. *Curtis,* 335 S.W.2d 934, 936 (Ky. 1959), *cert.
denied,* 364 U.S. 910 (1960), *partially overruled on other
grounds, St. Matthews* v. *Voice of St. Matthews Inc.,* 519

274

S.W.2d 811 (Ky. 1974): 66 Am. Jur. 2d *Records and Recording Laws* § 15 (1973).

Defendant Rodino has set forth no persuasive reason why Congress should be exempted from the common law rule. It is true that Congress has exempted itself from the requirements of the Freedom of Information Act, 5 U.S.C. § 552, by 5 U.S.C. § 551(1)(A). That Act, however, is not coextensive with the common law rule under discussion. It applies to *all* matters in Government files; the common law rule applies only to "public records" Moreover, we can find no inconsistency or conflict between the Freedom of Information Act and the common law rule. Even if there were an inconsistency or conflict, the Act would have to be construed narrowly, favoring application of the common law, because the Freedom of Information Act is in derogation of the common law.

Accordingly, we hold that Congress is subject to the common law rule which guarantees the public a right to inspect and copy public records. Absent a showing that the matters sought by plaintiff are not "public records" within the meaning of the common law rule or that plaintiff does not possess any "interest" required by the rule, we cannot grant defendant Rodino's motion for dismissal.

If Congress wishes to exempt itself from the common law rule or to impose standards for its application, it has the means to do so readily at its disposal. It has, however, not done so and therefore remains subject to the common law rule.

An order will issue accordingly.

Dated: August 24, 1977.

JOHN H. PRATT,
*United States District Judge.*

275

# United States District Court for the District of Columbia

---

## Civil Action No. 76-2039

### ROBERT B. SCHWARTZ, PLAINTIFF,

*v.*

### DEPARTMENT OF JUSTICE ET AL., DEFENDANTS.

---

## MEMORANDUM ORDER

Three matters regarding this Freedom of Information Act suit are currently before this Court. The motion of defendant Peter Rodino to dismiss the action as to him, or in the alternative for summary judgment, must be evaluated. In addition, plaintiff's motion to compel discovery and defendant Department of Justice's motion for a protective order merit this Court's attention.

A. *Motion of defendant Peter Rodino,* On September 30, 1977, defendant Rodino filed a motion to dismiss or, in the alternative, for summary judgment. That motion was opposed on October 11 and thereafter supported by a second affidavit and various documents on December 7, 1977.

It is the opinion of this Court that defendant Rodino's motion for summary judgment must be granted. Mr. Rodino has, by sworn affidavit, indicated that he has directed a thorough records search and that "no stone was left unturned in this matter." He has filed and delivered copies of all materials compiled by this Committee. When the defendant, in candor and good faith, indicates that all available records have been turned over to the plaintiff, a reviewing court must grant summary judgment in defendant's behalf. See *Nolen* v. *Rumsfeld,* 535 F.2d 890, 891 (5th Cir. 1976), *cert. denied,*

429 U.S. 1104 (1977); *Weisberg* v. *U.S. Department of Justice,* Civil Action No. 75–226 (D.D.C. Oct. 5, 1977).

B. & C. Motion of Plaintiff to Compel Discovery and Motion of Defendant Department of Justice for Protective Order. On August 1, 1977, plaintiff filed interrogatories in connection with this action. After being served with a motion to compel discovery on September 19, defendant Department of Justice indicated that it had not received the interrogatories via plaintiff's alleged service of process but that it would "initiate the preparation of appropriate responses." Plaintiff was not satisfied with this representation, and by reply of October 5 and letter to this Court on October 30 renewed his motion to compel.

On November 22 defendant Department of Justice filed a motion for protective order asserting that a dispositive motion was to be "imminently filed" and that discovery would be superfluous in the Freedom of Information Act context. Plaintiff opposed this motion on December 2. On December 9 this Court was advised that the Department of Justice would prepare a dispositive motion and a catalogue of relevant documents by January 23, 1978.

We cannot endorse defendant's request for a protective order. Plaintiff, proceeding *pro se,* filed this action in November 1976 and has been delayed over one year in his efforts to secure the information at issue. The interrogatories do not strike this Court as unduly burdensome, and they may assist plaintiff in his attempts to locate additional relevant documents.

For these reasons, it is by this Court this 12th day of December, 1977,

ORDERED, that the motion of defendant Peter Rodino for summary judgment be, and the same hereby is, granted; and it is further

ORDERED, that the motion of defendant Department of Justice for a protective order be, and the same hereby is, denied; and it is further

ORDERED, that defendant Department of Justice shall answer plaintiff's first set of interrogatories on or

before January 6, 1978. No further extensions will be granted.

J. H. PRATT,
*United States District Judge.*

— —

United States District Court for the District of Columbia

———

Civil Action No. 76-2039

ROBERT B. SCHWARTZ, PLAINTIFF,

*v.*

DEPARTMENT OF JUSTICE ET AL., DEFENDANTS.

———

## MEMORANDUM ORDER

Defendant Department of Justice has moved for summary judgment in this Freedom of Information Act (FOIA) action, producing numerous documents and withholding others pursuant to FOIA exemptions 5, 6, 7(C) and 7(D). 5 U.S.C. § 552(b). In support of its motion, defendant has submitted *Vaughn* v. *Rosen* affidavits analyzing in detail the documents themselves, and where pertinent, citing the provisions of the statute relied upon. We previously, by Order of December 13, 1977, granted summary judgment for the remaining defendant Peter Rodino, who was sued in his official capacity as Chairman of the House Judiciary Committee: defendant Rodino by sworn affidavit informed this Court that no records existed in his files responsive to plaintiff's request and that relevant background materi-

al voluntarily was being supplied to plaintiff by defendant Rodino.[1]

At issue in this action are documents pertaining to an investigation regarding the conduct of Peter Schlam, an Assistant United States Attorney for the Eastern District of New York, in the unsuccessful extortion and conspiracy prosecution of United States Representative Angelo Roncallo. Schlam fell ill during the final days of that trial as a result of the ingestion of a quantity of drugs, possibly self induced, and his illness attracted substantial public attention. Plaintiff seeks documents relating to the investigation of that drugging incident by the Department of Justice. Because we find that the documents are protected from disclosure by exemptions 6, 7(C) and 7(D), we do not find it necessary to analyze the applicability of exemption 5 as advanced by defendant.[2]

A. *Exemption 7(C)*. The FOIA exempts from mandatory disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would * * * (C) constitute an unwarranted invasion of personal privacy." Our review of the itemizations of documents convinces us that the withheld documents were compiled for law enforcement purposes. It is not necessary that further enforcement proceedings be imminent in order to qualify under exemption 7. *Rural Housing Alliance* v. *U.S. Department of Agriculture*, 498 F.2d 73 (D.C. Cir. 1974) (*compilation of records for adjudicatory purposes sufficient to achieve protection of exemption 7*); *see Koch* v. *Department of Justice*, 376 F. Supp. 313, 315 (D.D.C. 1974) (records compiled for enforcement of regulatory provisions protected); *Green* v. *Kleindienst*, 378 F. Supp. 1397, 1400 (D.D.C. 1974) (business review letters protected). We find that these records were compiled for law en-

---

[1] The Attorney General of the United States also was joined as defendant, in his official capacity, and his liability will be treated as incorporated into that of the Department of Justice.

[2] We have reviewed the itemizations of the withheld documents carefully, but do not in this memorandum discuss the individual documents. Notably, exemptions 6 and 7(C) are asserted for each and every document withheld.

forcement purposes relating to alleged improprieties in the prosecution of Congressman Roncallo, particularly noting that a letter of reprimand was placed in Schlam's file as a result of the investigation. *See* Defendant's Motion for Summary Judgment, Exhibit I (letter of V. Rakestraw, at 4).

It is also our opinion that release of intimate details regarding the drugging incident would constitute "an unwarranted invasion of personal privacy." Since we also hold that the release would constitute a *clearly* unwarranted invasion meriting exemption from disclosure pursuant to exemption 6 (see discussion, *infra*), we are satisfied that the less demanding burden on the Government in meeting the privacy invasion aspects of exemption 7 has been satisfied. *See Department of the Air Force* v. *Rose*, 425, U.S. 352, 378–79 n.16 (1976).

We therefore conclude that these documents are protected from disclosure by exemption 7(C),

B. *Exemption 7(D)*. Exemption 7(D) protects "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would * * * (D) disclose the identity of a confidential source * * *." Defendant asserts that disclosure of the requested information would jeopardize the confidential relationships which enabled the Government to secure the information at issue, since a person familiar with this incident would be able to ascertain the identity of the source by an analysis of information involved. *See* Defendant's Motion for Summary Judgment, Exhibit III (Affidavit of G. R. Schweickhardt at 7–10). We accept this sworn testimony, and determine that these records are protected by exemption 7(D). *See Harbolt* v. *Alldredge*, 464 F.2d 1243, 1244 (10th Cir.), *cert. denied.* 409 U.S. 1025 (1972) (FBI interrogation reports not subject to disclosure).

C. *Exemption 6*. Exemption 6 protects from disclosure "personnel and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." To determine the applicability of this exemption, it is necessary to balance the privacy interest of Peter Schlam against the public interest purpose

which would be satisfied by the production of the documents at issue,[3] recognizing that we should tilt the balance in favor of disclosure. *Getman* v. *N.L.R.B.*, 450 F.2d 670, 674-75 (D.C. Cir. 1971). In reaching our conclusion, we endorse the reasoning employed by the court in *Hiss* v. *Department of Justice*, C.A. No. 76Civ4672 (S.D. N.Y. Oct. 18, 1977) in upholding the applicability of exemption 6 to protect from disclosure records relating to the conduct of a private investigator engaged in the defense of Alger Hiss before the House Un-American Activities Committee. The Court there determined that disclosure of information relating to the investigator's relationship with government intelligence agencies would be embarrassing and clearly unwarranted. Plaintiff in this action protests the nondisclosure of unverified opinions and reports regarding Schlam's personal, social, professional and medical status, and it is this Court's conclusion that disclosure would constitute a serious privacy invasion. *See Columbia Packing Co., Inc.* v. *Department of Agriculture,* 417 F. Supp. 651, 654 (D. Mass. 1976).

In balancing the interests at issue in this litigation, we have evaluated plaintiff Schwartz's assertions that the public interest would be advanced by release of this information. Plaintiff asserts that such release would enable him "to judge the quality and fairness of [the Roncallo] judicial proceedings and the conduct of AUSA Peter R. Schlam." Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment at 2. While we find that this proffered interest may be a legitimate one, we do not find that it is sufficient to tip the balance in favor of disclosure. Furthermore, in the context of this case, we are prone to believe that plaintiff's real motivation may lie elsewhere.

---

[3] We must evaluate the public interest with reference to the advantages to be secured by release *to this plaintiff. See Rural Housing Alliance* v. *Department of Agriculture, supra,* at 77; *Getman* v. *N.L.R.B.,* 450 F.2d 670, 677 n.24 (D.C. Cir. 1974). *But see Dictlow* v. *Schultz,* 517 F.2d 166, 171 (D.C. Cir. 1975) (dictum) (evaluation should be with reference to the advantages to be secured by release to the general public). Our decision in this action would not be altered by application of the standard suggested in *Ditlow*.

281

In *Hiss* v. *Department of Justice, supra,* slip op. at 7, the Court in rejecting plaintiff's assertions that release of the information would be in furtherance of the public interest in the conduct of government prosecutions, characterized them as being invoked "only to satisfy the requirements of the FOIA," whereas the plaintiff's personal interests were paramount. We find plaintiff Schwartz's attempt to distinquish the *Hiss* case to be unpersuasive, and like the *Hiss* court determine that plaintiff here has not met his burden of demonstrating that the public interest in the disclosure outweighs the clear invasion of privacy which disclosure of these documents would constitute.

For these reasons, it is by the Court this 9th day of February, 1978,

ORDERED, that defendant's motion for summary judgment be granted; and it is further

ORDERED, that this action is dismissed.

JOHN H. PRATT,
*United States District Judge.*