UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT B. SCHWARTZ,

Plaintiff,

v.

Civil Action No. 76-2039

DEPARTMENT OF JUSTICE, ET AL.,

Defendants.

FILED
JUL 11 1977
JAMES F. DAVEY, Clerk

MOTION TO DISMISS
DEFENDANT PETER A. RODINO, JR.

Defendant Peter A. Rodino, Jr., by his undersigend attorneys, pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, hereby moves the Court to be dismissed from this action. The grounds for this motion are that defendant Rodino is not a proper party to this action, the Court lacks jurisdiction over the subject matter of this action against him, and the Complaint fails to state a claim against him upon which relief may be granted. In support of this motion, the Court is respectfully referred to defendant's memorandum of points and authorities in support of his motion to dismiss filed herewith.

Respectfully submitted,

EARL J. SILBERT
United States Attorney

ROBERT N. FORD
Assistant United States Attorney

JOHN OLIVER BIRCH
Assistant United States Attorney

Attorneys, Department of Justice
Rm. 3600-E, U.S. Courthouse
3rd & Constitution Ave., N.W.
Washington, D.C. 20001
Tel: 472-4726

Attorneys for Defendants

Ex. A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT B. SCHWARTZ,

Plaintiff,

v. Civil Action No. 76-2039

DEPARTMENT OF JUSTICE, ET AL.,

Defendants.

FILED
JUL 11 1977
JAMES F. DAVEY, Clerk

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS DEFENDANT RODINO

PRELIMINARY STATEMENT

This action was instituted by plaintiff Robert Bennett Schwartz, *pro se*, against defendants, United States Department of Justice, Edward H. Levi and Peter A. Rodino, Jr. Plaintiff has alleged the Freedom of Information Act, 5 U.S.C. §552 (1970 & Supp. V 1975), *as amended* by Act of September 13, 1976, Pub. L. No. 94-409; 28 U.S.C. §§1361, 1391(e) (1970) and the U.S. Constitution as the jurisdictional basis for this proceeding.

Defendants, the Department of Justice and Attorney General Griffin Bell,[1/] have filed an Answer. Defendant Rodino now moves the Court for the entry of an order dismissing him from the action.

STATEMENT OF FACTS

Plaintiff, by letters dated August 11, 1976, and September 9, 1976, requested the Executive Office for United States Attorneys to furnish plaintiff with "a copy of the

1/ Since Griffin B. Bell has succeeded the official named as defendant in the complaint, Edward H. Levi, as Attorney General of the United States, Mr. Bell is automatically substituted as defendant in the stead of Mr. Levi. (Rule 25(d), F.R. Civ. P.)

final opinion and the underlying documents and findings in an investigation conducted by your agency regarding the conduct of Peter R. Schlam, an Assistant U.S. Attorney from the Eastern District of New York." The request was denied by the Executive Office by letter dated November 2, 1976.

Plaintiff alleges that by Certified Mail No. 593361 dated August 13, 1976, and by letter dated September 9, 1976, he requested defendant Rodino, as Chairman of the House Judiciary Committee, to furnish plaintiff with findings of fact and conclusions of law made by the Committee concerning its investigation of the conduct of Assistant United States Attorney Peter R. Schlam. He alleges that he received no response to these requests. (Complaint, paras. 11, 12, 13)

STATUTES INVOLVED

5 U.S.C. §551 (1970) provides, in pertinent part, that:

> For the purpose of this subchapter [Subchapter II, Administrative Procedure, 5 U.S.C. §§551-559]
>
> (1) "agency" means each authority of the Government of the United States ..., but does not include--
>
> (A) the Congress;
>
> (B) the courts of the United States ....

5 U.S.C. §552(e) provides that:

> For the purposes of this section [§552, the Freedom of Information Act], the term 'agency' as defined in section 551(l) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

ARGUMENT

Defendant Rodino now moves the Court to dismiss him from this action. He asserts that as Chairman of the House Judiciary Committee, he is not a proper party to this action,

that the Court lacks jurisdiction over the subject matter of this action, and that the Complaint fails to state a claim upon which relief may be granted.

The documents sought from defendant Rodino in this action are those findings of fact and conclusions of law made by the House Judiciary Committee of the United States Congress concerning an alleged investigation by that Committee of the conduct of Assistant United States Attorney Peter R. Schlam.

Any documents within the custody of defendant Rodino or the House Judiciary Committee belong to an entity which is not an agency within the meaning of the Freedom of Information Act. Therefore, the Court must dismiss the action against defendant Rodino for want of personal and subject matter jurisdiction under the Act. The action should also be dismissed because plaintiff has consequently failed to state a claim upon which relief may be granted.

I. Peter A. Rodino, Jr. is not an "Agency" Subject to the Requirements of the Freedom of Information Act.

The Freedom of Information Act, 5 U.S.C. §552 (1970 and Supp. V 1975), *as amended by* Act of September 13, 1976, Pub. L. No. 94-409 [hereinafter referred to as FOIA or §552], grants jurisdiction to the federal district courts "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from [a] complainant." §552(a)(4)(B). The definition of an "agency" for purposes of the FOIA may be found in two sections of Title 5 of the United States Code. 5 U.S.C. §551 (1970) provides that for purposes of the subchapter on Administrative Procedure, which includes the FOIA,

> (1) "agency" means each authority of the Government of the United States, ..., but does not include--
>
> (A) the Congress;
>
> (B) the courts of the United States ....

5 U.S.C. §552(e), added to the FOIA in 1974 by Public Law No. 93-502, further provides that

> For purposes of this section [the FOIA], the term 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. [Emphasis added.]

Defendant Rodino, an individual, is not an "agency" within the meaning of the FOIA. Cox v. Levi, Civil No. 76CV470-W-3 (W.D. Mo. November 12, 1976); Russo v. Department of Justice, Civil No. 76-131-C3 (D. Kan. November 11, 1976); Burke v. Kelly, Civil Action No. 75-336-C3 (D. Kan. February 11, 1976). (Copies are attached hereto as Appendices A, B and C, respectively). Thus, this Court clearly lacks personal and subject matter jurisdiction under the Act, §552(a)(4)(B), and should dismiss the action against defendant Rodino. Furthermore, the entity of which Mr. Rodino is chairman, and which would have custody of any documents within the ambit of plaintiff's request, the House Judiciary Committee, is likewise not an "agency" within the meaning of the FOIA. It is clear from the wording of both §551(1)(A) and §552(e) that the term "agency", as used in the FOIA, does not include Congressional committees. Section 551(1)(A) specifically excludes Congress from the scope of §§551 through 559 of Title 5, and therefore from the scope of §552. An expanded definition of "agency" was added by the 1974 Amendments to the FOIA for purposes of that section, but the applicability of the §551(1) definition to the FOIA was not altered. Rather, Congress reiterated the continued relevance of §551(1) by specifying in §552(e) that the term agency is in fact "defined in section 551(1) of this title." The FOIA definition of agency simply expands and clarifies the meaning of an "authority of the Government

of the United States," §551(1), for purposes of the FOIA "to include ... [all] establishment[s] in the executive branch of the Government" and independent regulatory agencies. §552(e). This expanded FOIA definition thus extends applicability of the FOIA only to those agencies of the executive branch which may not be included in the first sentence of the §551(1) definition. It does not extend the applicability of the FOIA to those entities specifically excluded from the §551(1) definition. See §551(1)(A)-(H).

The legislative history of the 1974 Amendments to the FOIA reflect the Congressional intent that the definition of agency in §551(1) remain applicable to the FOIA and that the expanded FOIA definition include only establishments within the executive branch of the Government. A House Conference Report concerning the amendments refers to the continued significance of §551(1). See Conference Report No. 93-1200, reprinted in [1974] U.S. Code Cong. & Ad. News 6285, 6293. Furthermore, relevant House and Senate Reports use the terms "federal," "government" and "executive branch" interchangeably in referring to agencies and agency records subject to the FOIA. See H. Rep. No. 93-876, 93d Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Ad. News 6267, 6274; S. Rep. No. 93-854, 93d Cong. 2d Sess. 35 (1974). Also, the House Report clearly states that the intended effect of the FOIA definition is "to insure inclusion under the Act of Government corporations, Government controlled corporations, or other establishments within the executive branch ..." [1974] U.S. Code Cong. & Ad. News 6274. [Emphasis added.] Nowhere in any of the reports is reference made to the legislative or judicial branches of government. Both are expressly excluded from the definition of agency in §551(1). Clearly, Congress did not intend that §552(e) effect such a major change in the scope of the FOIA.

Since passage of the 1974 Amendments to the FOIA, two federal district courts have held that the courts of the United States are not subject to the requirements of the FOIA. See Santoro v. Attorney General of the United States, 76 Civ. 1803 (S.D. N.Y. October 8, 1976). Blue v. Bureau of Prisons, Civil No. C75-2092 (N.D. Ga. August 10, 1976). (Copies are attached hereto as Appendices D and E, respectively.) Both courts based their decisions on the exclusion of the judiciary from the definition of agency in §551(1)(B). Thus, the courts have recognized that §551(1) does indeed continue to apply to the FOIA in conjunction with §552(e). See also Cox v. Levi, supra at 2 (term "agency" not intended to include individuals, but intended to refer to "department[s] of the executive branch which [have] custody of ... agency records) (Emphasis added).

Any documents which plaintiff seeks from defendant Rodino, or which plaintiff may seek from the House Judiciary Committee, are thus not "agency records" within the meaning of the FOIA. Defendant Rodino, an individual, is not an agency and is therefore not subject to the disclosure requirements of the Act. The House Judiciary Committee is also not an agency within the meaning of the FOIA. Congress is expressly excluded from the definition of "agency" in §551(1)(A) and does not fall within the definition in §552(e). Furthermore, the legislative history of the 1974 Amendments to the FOIA, as well as recent case law, indicate that only agencies within the executive branch of the Government are subject to the Act's disclosure requirements.

CONCLUSION

For the foregoing reasons, defendant Rodino's Motion to Be Dismissed from This Action should be granted.

Respectfully submitted,

EARL J. SILBERT
United States Attorney

ROBERT N. FORD
Assistant United States Attorney

JOHN OLIVER BIRCH
Assistant United States Attorney

Attorneys, Department of Justice
Rm. 3600-E, U.S. Courthouse
3rd & Constitution Ave., N.W.
Washington, D.C. 20001
Tel: 472-4726

Attorneys for Defendants

Pratt, J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT B. SCHWARTZ, Plaintiff,

v.

DEPARTMENT OF JUSTICE, ET AL., Defendants.

Civil Action No. 76-2039

FILED
AUG 11 1977
JAMES F. DAVEY, Clerk

DEFENDANTS' SUPPLEMENTARY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Preliminary Statement

Plaintiff brings this action against Peter A. Rodino, Jr., Chairman of the House Judiciary Committee, */ requesting that he be provided with the findings of fact and conclusions of law made in the House Judiciary Committee's investigation into the conduct of Assistant United States Attorney Peter R. Schlam. On July 11, 1977, counsel for defendants filed a Motion to Dismiss plaintiff's action against Mr. Rodino asserting that Mr. Rodino is not an "Agency" subject to the requirements of the Freedom of Information Act, 5 U.S.C. §552, *et seq.* On July 26, 1977, plaintiff mailed a pleading styled as an "Affidavit In Opposition" to counsel for defendants in which plaintiff acknowledges that he is not entitled to bring an action for the documents requested from Mr. Rodino under the Freedom of Information Act. However, plaintiff asserts that he is entitled to bring an action for these documents under the "general common law right of plaintiff to inspect public records"; 28 U.S.C. §1361; 44 U.S.C. §903, *et seq.*; and Article 6, clauses 2 and 3 of the United States Constitution.

Defendants contend that plaintiff continues to lack jurisdiction to bring an action against Mr. Rodino.

---

*/ Plaintiff has also requested records from the Department of Justice in his action which are not addressed in defendants' Motion to Dismiss.

Clause 3 of Article 6 of the Constitution, cited by plaintiff as a jurisdictional basis for his action, does not exist. Clause 2 of Article 6 of the Constitution states that the Constitution, laws and treaties of the United States are the supreme law of the land and bind judges of the States regardless of the provisions of State Constitutions and laws. Clearly this section of the Constitution does not provide a jurisdictional basis for plaintiff's action.

The statutes cited by plaintiff also provide no basis for this action. The statutes cited by plaintiff dealing with the Congressional Record, 44 U.S.C. §903, et seq., do not create jurisdiction for any action against a member of Congress, much less of the nature alleged by plaintiff. Additionally, 28 U.S.C. §1361 does not create a jurisdictional basis for an action against a member of Congress of the nature asserted by plaintiff.

Finally, while United States of America v. John Mitchell, et al., No. 75-1409 (D.C. Cir., filed October 26, 1976), may recognize a common law right to request some public records maintained by the Judicial Branch of the United States government, its clear that the opinion cannot be read to recognize a right to receive records maintained by the Congressional Branch of the United States government. Clearly, a court should be extremely reluctant to extend the principle of law apparently established by this opinion to the Congressional Branch of the United States government.

Conclusion

For the foregoing reasons, defendant Rodino respectfully requests that plaintiff's action be dismissed.

Earl J. Silbert

EARL J. SILBERT
United States Attorney

ROBERT N. FORD
Assistant United States Attorney

John Oliver Birch

JOHN OLIVER BIRCH
Assistant United States Attorney