UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 1:21-cv-02198 (BAH) |
| MARK WARNER, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
AND SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS[1]**

Plaintiff Shawn Musgrave ("Musgrave") commenced this litigation pursuant to the common law right of access to public records and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a copy of Senate Report 113-288, entitled *Report of the Senate Select Committee on Intelligence: Committee Study of the Central Intelligence Agency's Detention and Interrogation Program* ("Torture Report" or "the Report"). On 19 October 2021, Defendants U.S. Senator Mark Warner and the Senate Select Committee on Intelligence (collectively "SSCI") filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Musgrave filed a Cross-Motion for Partial Summary Judgment on 20 March 2022, which seeks a declaratory judgment that the common law right of access applies to reports written by Committees of the U.S. Congress in appropriate circumstances. Musgrave now files this final brief regarding certain aspects of the parties' arguments.

---

[1] Plaintiff is filing an unopposed motion for leave to file a sur-reply contemporaneously with this brief, in recognition of the fact that Defendants' Motion sweeps more broadly than his Cross-Motion. If the Court denies that motion, it need not consider any part of this filing which addresses the Torture Report specifically.

Because the parties have thoroughly discussed most of the issues in play in this case, Musgrave will not be rehashing arguments he has already made, but will instead limit this brief to the bare minimum of points raised in SSCI's last brief which warrant elaboration. For ease of reading, he will follow the organization of SSCI's Reply wherever possible.

The greatest weakness in SSCI's argument lies in the fact that it is arguing against a straw man, when Musgrave is not making—and never has made—the argument SSCI is refuting. SSCI states, "Plaintiff's opposition counters that the Speech or Debate Clause privilege is not an insuperable bar to his suit, but rather must be weight against the public's interest in disclosure of the Report under the common law right of access." (Defs.' Reply Mem. P. & A. Supp. Defs.' Mot. Dismiss & Opp'n Pl.'s Cross-Mot. Part. Summ. J., Dkt. #17, at 4 (filed Apr. 27. 2022) [hereinafter SSCI's Reply].) SSCI then argues, "That argument fundamentally misunderstands the absolute nature of the privilege provided by the Speech or Debate Clause and the role that the Clause serves in securing legislative independence." (*Id.*) SSCI is correct, but only because SSCI fundamentally misunderstands the nature of Musgrave's argument.

One of the very cases that SSCI cites forms the basis for Musgrave's *actual* argument, and SSCI perfectly describes its holding in its own parenthetical: "'legislative privilege is 'absolute' where it applies.'" (*Id.* at 7 (quoting *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 416 (D.C. Cir. 1995)).) In fact, the only part of SSCI's parenthetical that Musgrave takes issue with is the placement of the italicization; SSCI emphasized the word *absolute* while Musgrave emphasizes the phrase *where it applies.* As in, Musgrave does not argue that the Speech or Debate Clause is not absolute *where it applies*; he argues that *whether it applies* is not as absolute as SSCI argues. This misunderstanding—whether genuine or manufactured— explains why SSCI states that "it is hard to square such a concession [regarding the absolute

nature of the privilege] with [Musgrave's] argument that the Clause's protection must be balanced against the public's interest in disclosure." (*Id.* at 7-8.) It is hard to square Musgrave's concession with the straw man argument he never made; it is quite easy to reconcile it with his actual argument.

In a further attempt to distract from the merits of Musgrave's argument, SSCI then alleges: "Plaintiff also wrongly suggests, contrary to all authority, that '[s]ome Committee reports' are not covered by the Clause because they 'are in effect ends unto themselves, where the writing of the report describing what was learned during the investigation is the end goal.'" (*Id.* at 9.) However, the Court no longer needs to perform a searching analysis of the "all authority" to which SSCI refers, because under this Court's rules SSCI has admitted that Musgrave is correct. As required by Local Rule 7(h), Musgrave included a Statement of Material Facts as to Which There Is No Genuine Dispute with his Cross-Motion, which included the following: "Some final Committee reports are written with no intentions of continuing Congressional deliberations on the matter." (Dkt. #15 at 26-27 (filed Mar. 20, 2022).) SSCI did not file a response to this statement. This Court's Standing Order states, "This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will 'assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.'" (Standing Order for Civil Cases, Dkt. #3, ¶ 6(f) (filed Aug. 18, 2021) (quoting LCvR 7(h)).) Accordingly, the Court must assume SSCI's admission to Musgrave's statement, which refutes its claim that Musgrave's "wrongly suggests" anything and that his argument "misunderstands Senate committees and the role their investigations and reports play in the Senate's legislative process." (SSCI's Reply at 9.) In other words, while the Court may ultimately conclude that *the*

*Torture Report* was not "written with no intentions of continuing Congressional deliberations on the matter," that is a question for summary judgment which will require factual evidence. Simply put, regarding the motions *currently* before the Court, this means that SSCI cannot be heard to argue in a brief against a statement the Court must assume it has admitted.

Moreover, in the case *Cox v. DOJ* cited by SSCI in its opening brief, the court has now ruled that even after reviewing the evidence submitted by the Government in ostensible support of the argument that the Torture Report is not an agency record under FOIA, the answer is not clear:

> Mr. Cox also argues that Senator Feinstein's subsequent letters show that Congress abandoned control over the SSCI report. However, the subsequent letters are not probative. After Senator Burr replaced Senator Feinstein as SSCI Chair in 2015, the two senators sent dueling missives to various agencies. Describing the report [as] "a highly classified and committee sensitive document," Senator Burr directed that it "should not be entered into any Executive Branch system of records." Senator Feinstein and several others, meanwhile, urged Attorney General Jeff Sessions to "establish the [report] as an agency record pursuant to FOIA." Later, Senator Burr reiterated his request that Executive Branch agencies return all copies of the SSCI report, again indicating that he continued to view the report as a congressional document. These contradictory letters do not offer a clear indication of subsequent congressional intent either to assert control over the report or to relinquish it after 2014.

No. 17-3329, slip op. at 16 (E.D.N.Y. Mar. 30, 2022) (citations omitted), attached as Ex. D. While that case was admittedly about whether the Torture Report was an agency record under FOIA, the fact that the court could not be certain that SSCI had intended to assert control even after receiving additional evidence weighs heavily against SSCI's argument that the Report is so clearly covered by the Speech or Debate Clause—which would not apply to a record over which Congress had relinquished control—that dismissal is appropriate without any evidence. In other words, if a court is not convinced that a committee even intended to *control* a report, it is hardly appropriate to hold that the report is so obviously privileged as to warrant dismissal.

After spending a significant amount of time reiterating the arguments it already made, SSCI revisits its argument that the common law right of access does not apply to the Torture Report because it is classified, arguing, "The D.C. Circuit has found that the compelling interest in protecting the secrecy of national security information outweighs any countervailing public interest in disclosure under the common law right of access." (SSCI's Reply at 19-20 (citing *Dhiab v. Trump*, 852 F.3d 1087, 1098 (D.C. Cir. 2017)).) Once again, however, SSCI argues against a straw man. Musgrave does not maintain that "the secrecy of national security information"—in other words, the classification of information—is outweighed by a countervailing public interest; he simply argues that there is at least 500 pages' worth of information in the Report which is *not classified*, if not much more. And neither the D.C. Circuit nor any other circuit has ever held that the Government's interest in protecting *unclassified information* does not have to be balanced against a countervailing public interest.

The fact remains that SSCI's entire classification argument is predicated on the critical assumption that every word in the Report is properly classified, but that is not an assumption the Court can make. The mere existence of a declassified Executive Summary refutes that argument. What is left is an argument that the Court should not look behind the global classification of the entire document—that it, in effect, should not perform a segregability analysis, to use FOIA terminology—to ensure that the entire document was not withheld "merely because it contained some confidential information." *Accord Weissman v. CIA*, 565 F.2d 692, 697 (1977). And there is no reason to hold that the common law right of access does not require the type of segregability analysis that every other privilege claim—from FOIA to discovery—requires.[2]

---

[2] In response to the expected question of what value would be served if only the exact information released in the Executive Summary were unredacted from the full Report, at the very least it would demonstrate the degree to which the Executive Summary is representative of the Report. In other words, if unusually large portions of the Report remain redacted after such a

In conclusion, SSCI has made several arguments in these briefs, and some may ultimately win the day and prevent the release of the Torture Report, but it has *not* shown that the entire case should be dismissed at this juncture pursuant to the rules on which it relies, and it has *not* shown that Musgrave is not entitled to a declaratory judgment on the threshold question for which he seeks partial summary judgment. The Court should accordingly deny SSCI's motion, issue the declaratory judgment requested by Musgrave, and allow the parties to build an evidentiary record about the Torture Report as it exists and not as SSCI conclusorily characterizes it.

Date:   May 27, 2022

                                                Respectfully submitted,

                                                /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.
                                                D.C. Bar #984704
                                                National Security Counselors
                                                4702 Levada Terrace
                                                Rockville, MD  20853
                                                301-728-5908
                                                240-681-2189 fax
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Plaintiff*

---

release, it would show that there were significant parts of the Report which were not represented in the Executive Summary, which would be of significant legitimate public interest.